818 F.2d 31
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph D. BURKE, Plaintiff-Appellant,
v.
Marion D. CAMPBELL, Jack Lesley, D.L. Baker, and Lieutenant
Don Woodall, Defendants-Appellees
 No. 86-5702.
 United States Court of Appeals, Sixth Circuit.
 May 13, 1987.
 
 Before MERRITT, WELLFORD and NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Burke brings this Section 1983 action claiming that the defendants violated his federal constitutional rights to due process, equal protection, and freedom from unreasonable seizure. This case arises from a dispute over a coal truck driver's alleged refusal to weigh his truck pursuant to a Kentucky statute. Kentucky requires operators of trucks to permit Kentucky peace officers to weigh the vehicles if the officer has reason to believe it is in excess of the state's maximum prescribed limits. Baldwin's Kentucky Revised Statutes Annotated Sec. 189.223 (Baldwin 1982)
 
 
 2
 The District Court dismissed the case on a motion for summary judgment and held that the officers' conduct in the case was insufficient to constitute a deprivation of plaintiff's constitutional rights. We affirm the judgment of the District Court.
 
 
 3
 Officer Baker arrested and placed Burke in county jail four times for "refusing" to weigh his coal truck. Baker had issued citations to Burke for the same reason on four prior occasions. Burke claimed that driving onto the portable scale used by officers would damage his truck. He allegedly offered to drive to a permanent weighing station or jack up his truck to use the portable wale.
 
 
 4
 First, Burke claims that Officer Baker unreasonably seized him in violation of the Fourth Amendment made applicable to a state action by operation of the Fourteenth Amendment. The Supreme Court has established the standard for probable cause in Gerstein v. Pugh, 420 U.S. 103 (1975):
 
 
 5
 [T]he standards and procedures for arrest and detention have been derived from the Fourth Amendment and its common law antecedents. The standard for arrest is probable cause, defined in terms of facts and circumstances "sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense."
 
 
 6
 Gerstein v. Pugh, 420 U.S. at 111 (1975) (citations omitted) (quoting Beck v. Ohio, 379 U.S. 89, 91 (1964)). The facts in the record show that officer Baker had probable cause to believe Burke was "refusing" to weigh his truck and was committing a criminal offense. Therefore, Burke's arrest was not in violation of the Fourth Amendment. To the extent that plaintiff seeks release from incarceration, his claim is barred by Preiser v. Rodriguez, 411 U.S. 475 (1973), and Stone v. Powell, 428 U.S. 465 (1976). We do not reach any state law claim as to whether Burke's arrest was in contravention of a Kentucky statute.
 
 
 7
 Second, Burke's claim that he was deprived of procedural due process of law must fail because he has not alleged or shown that Kentucky's procedures are inadequate. See Hudson v. Palmer, 468 U.S. 517 (1984); Vicory v. Walton, 721 F.2d 1062 (6th Cir. 1983).
 
 
 8
 Finally, Burke's claim that he has been denied equal protection of law must also fail.. .He has not alleged or shown any class-based discrimination as required to state an equal protection claim. See Washington v. Davis, 426 U.S. 229 (1976).
 
 
 9
 For the foregoing reasons, plaintiff has failed to state a claim arising under 42 U.S.C. Sec. 1983. Even though plaintiff may have stated a valid claim under Kentucky law, his federal claims are without merit. Accordingly, we affirm the District Court's dismissal of the case.